700 So.2d 471 (1997)
Bill BRADY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-1851.
District Court of Appeal of Florida, Fifth District.
October 24, 1997.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Bill Brady, Jr. attempted to murder Ricky Mack by firing a single bullet at him. The bullet missed Mack but struck Toya Harrell causing substantial injury to her hand. Brady was convicted of two counts of attempted murder. We affirm without comment the trial court's departure sentence. However, Brady's conviction for two counts of attempted *472 murder for the firing of a single shot raises a new issue in Florida.
There appears to be no legitimate issue as to whether Brady has committed two separate offenses; the intriguing question is whether he has committed two attempted murder offenses. We have no trouble with the doctrine of transferred intent. Brady's general intent to shoot Mack is sufficient intent to sustain a conviction for injuring Harrell. But should that offense be attempted murder?
An "attempt" under Florida law requires proof of two elements: (1) an intent to commit the underlying crime and (2) some act toward the commission of such offense. Clearly the evidence is sufficient to sustain the conviction for the attempted murder of Mack. Brady intended to kill Mack and fired a shot at him to carry out that intent. If Brady's intent to shoot Mack is used to justify the conviction for the attempted murder of Mack, is there sufficient intent left over to transfer to justify the conviction relating to Harrell? The better answer seems to be yes. Intent (at least general intent) is not a commodity; it is a frame of mind. It is incapable of being "used up."
Although there are no Florida cases directly on point, two cases from California illustrate the problem. In People v. Chinchilla, 52 Cal.App.4th 683, 60 Cal.Rptr.2d 761 (1997), Chinchilla fired a single shot in the direction of officers Meisels and Silofau. On his appeal from his conviction for two counts of attempted murder, Chinchilla argued that the doctrine of transferred intent cannot support two attempted murder convictions when only one shot was fired. The court agreed with this general proposition, citing the earlier case of People v. Czahara, 203 Cal.App.3d 1468, 250 Cal.Rptr. 836, 840, (1988):
[W]here a single act is alleged to be an attempt on two persons' lives, the intent to kill should be evaluated independently as to each victim, and the jury should not be instructed to transfer intent from one to another.
The court in Chinchilla nevertheless upheld both convictions, holding that since one officer was kneeling behind the other, the jury could have found that Chinchilla intended to kill both with the single shot. Such is not an issue on this appeal.
In People v. Scott, 14 Cal.4th 544, 59 Cal. Rptr.2d 178, 182, 927 P.2d 288, 292, (1996), the California Supreme Court was concerned with the issue of whether the doctrine of transferred intent could be used to sustain a conviction for the murder (not the attempted murder) of an unintended victim when the defendant is also prosecuted for the attempted murder of the intended victim. The court had this to say:
Nor is application of the transferred intent doctrine under these circumstances foreclosed by the prosecutor having charged defendants with attempted murder of the intended victim. Contrary to what its name implies, the transferred intent doctrine does not refer to any actual intent that is capable of being "used up" once it is employed to convict a defendant of a specific intent crime against the intended victim.
* * * * * *
The legal fiction of transferring a defendant's intent helps illustrate why, as a theoretical matter, a defendant can be convicted of murder when she did not intend to kill the person actually killed.... [A]s applied here, it connotes a policythat a defendant who shoots at an intended victim with intent to kill but misses and hits a bystander instead should be subject to the same criminal liability that would have been imposed had he hit his intended mark.
In our case, had Brady actually hit Mack in the hand, he could have been convicted of aggravated battery. Further, since he intended to kill Mack, he could also be convicted of attempted murder. Can he, under Florida law, also be convicted of the attempted murder of Harrell when he unquestionably had no such intent to kill her?
Justice Overton stated in his dissent in Amlotte v. State, 456 So.2d 448, 450, (Fla. 1984), "A conviction for the offense of attempt has always required proof of the intent to commit the underlying crime." It seems inconsistent, therefore, that one can be convicted *473 of the attempt to murder a bystander when, in fact, the state concedes, and pleads, that no such intent was present. Justice Overton's dissent was approved as the court's majority in State v. Gray, 654 So.2d 552 (Fla.1995), albeit on the issue of attempted felony murder.
While it appears that Brady's general intent to shoot Mack is susceptible of being transferred in order to satisfy the "intentionally causing bodily harm" requirement of aggravated battery as against Harrell, to find that Brady actually attempted to murder her, when the allegations of the information and the evidence at trial show that he did not, seems not only contrary to reason but also inconsistent with Gray. We agree with Chinchilla that if the issue is whether the defendant attempted to murder multiple victims, then such specific intent is not subject to transfer but rather such intent should be independently evaluated as to each victim.
We, therefore, reverse the attempted murder conviction as it relates to Harrell and remand to the trial court to enter a conviction for the lesser included offense of aggravated battery.
Because this is a case of first impression, we certify the following issue to the supreme court:
CAN A DEFENDANT BE CONVICTED OF ATTEMPTED MURDER OF BOTH THE INTENDED VICTIM AND AN INNOCENT BYSTANDER WHEN THE DEFENDANT HAD NO INTENT TO MURDER THE LATTER, BUT THE LATTER IS INJURED DURING THE ATTEMPT ON THE INTENDED VICTIM?
PETERSON, J., concurs.
GOSHORN, J., concurs with result only.