# Supreme Court of Florida

_____

No. SC15-470

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—INSTRUCTIONS 7.8, 7.8(a), AND 11.1 - 11.6(a).**

[April 14, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted a report proposing amendments to eight existing standard criminal jury instructions and the addition of one new instruction.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amending existing instructions 7.8 – Driving Under the Influence Manslaughter; 7.8(a) – Boating Under the Influence Manslaughter; 11.1 – Sexual Battery—Victim Less than 12 Years of Age; 11.2 – Sexual Battery—Victim 12 Years of Age or Older – Great Force or Deadly Weapon; 11.3 – Sexual Battery—Under Specified Circumstances; 11.4 – Sexual Battery; 11.5 – Solicitation of a Child to Engage in an Act that Constitutes Sexual Battery by Person in Familial or Custodial Authority; and 11.6 – Engaging in an

Act Which Constitutes Sexual Battery Upon or With a Child 12 Years of Age or Older but Younger than 18 Years of Age by Person in Familial or Custodial Authority.[1] The Committee also proposes adding new instruction 11.6(a) – Engaging in an Act Which [Constituted Sexual Battery] [Injured the Sexual Organ of Another in an Attempt to Commit Sexual Battery] by a Person in Familial or Custodial Authority Upon a Person Less than 12 Years of Age.

Before filing its report with the Court, the Committee published its proposals for comment. Upon consideration of the comments received, and upon further review, the Committee modified some of its proposals. The Committee did not republish its proposals.

After the Committee filed its report, the Court published the Committee's proposals for comment. Comments were received from the Florida Association of

---

1. The Committee's proposals in this case were initially filed in In re: Standard Jury Instructions in Criminal Cases—Report No. 2015-01, Case No. SC15-368, along with the Committee's proposals to add new instruction 22.16 and amend existing instructions 20.3 through 20.12. By order dated March 17, 2015, we severed the proposals in this case from Case No. SC15-368 and directed that they be considered in a separate proceeding.

Also, the Committee's proposals in this case initially included a proposal to add new instruction 1.5 (Questioning in Capital Trials (Death Penalty)). We granted the Committee's request to withdraw this proposal in light of the recent changes to Florida's death penalty sentencing scheme that have occurred as a result of the U.S. Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and the enactment of chapter 2016-13, Laws of Florida.

Criminal Defense Lawyers and the Florida Public Defender Association. Having considered the Committee's report, the comments filed, and the Committee's response, we hereby authorize for publication and use new instruction 11.6(a) and amended instructions 7.8, 7.8(a), and 11.1-11.6 as proposed by the Committee.

The instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[2] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Julianne M. Holt, Public Defender, Thirteenth Judicial Circuit, Tampa, Florida; Luke Newman of Luke Newman, PA, Tallahassee, Florida; and William Rudolf Ponall of Snure & Ponall P.A., Winter Park, Florida,

Responding with Comments

**Appendix**

## 7.8  DRIVING UNDER THE INFLUENCE
## MANSLAUGHTER
§§~~316.193(3)(a)(b)(c)3,~~ 316.193(3)(a), (3)(b), and (3)(c)3., Fla. Stat.

**To prove the crime of Driving under the Influence Manslaughter, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **drove or was in actual physical control of a vehicle.**

2.      **While driving or in actual physical control of the vehicle,** (defendant)

*Give 2a or 2b or both as applicable.*

      a.      **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

      b.      **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3.      **As a result of operating the vehicle,** (defendant) **caused or contributed to the cause of the death of** [(victim)] **[an unborn ~~quick~~ child].**

   *Give if §§~~316.193(3)(a)(b)(c)3b~~ 316.193(3)(a), (3)(b), and (3)(c)3.b., Fla. Stat., is charged.*

**If you find the defendant guilty of Driving under the Influence Manslaughter, you must further determine whether the State proved beyond a reasonable doubt that:**

4.      (Defendant)**, at the time of the crash,**

      a.  **knew or should have known that the crash occurred**

   **and**

      b.  **failed to give information as required by law**

   **and**

c. failed to render aid as required by law.

Florida law requires that the driver of any vehicle involved in a crash resulting in injury to or death of any person, or damage to any vehicle or other property which is driven or attended by any person, must supply [his] [her] name, address, and the registration number of the vehicle [he] [she] is driving to any person injured in the crash or to the driver or occupant of or person attending any vehicle or other property damaged in the crash. Upon request and if available, the driver shall also exhibit [his] [her] license or permit to drive.

The driver shall give the same information and, upon request, exhibit his or her license or permit, to any police officer who is at the scene of the crash or who is investigating the crash.

The driver shall also render reasonable assistance to any person injured in the crash, including carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.

In the event none of the persons specified above are in condition to receive the information to which they otherwise would be entitled, and no police officer is present, the driver of a vehicle involved in the crash, after trying to fulfill the requirements listed above as much as possible, shall immediately report the crash to the nearest office of a duly authorized police authority and supply the information specified above.

*Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)*
If you find the defendant guilty of Driving under the Influence Manslaughter, you must also determine whether the State has proven beyond a reasonable doubt whether:

a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.

> **b.** the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.

*Definitions. Give as applicable.*

"Vehicle" is every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.

"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.

"Actual physical control of a vehicle" means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.

"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.

*§ 877.111(1), Fla. Stat.*
(_____) is a chemical substance under Florida law.

*Chapter 893, Fla. Stat.*
(_____) is a controlled substance under Florida law.

*§ 775.021(5), Fla. Stat.*
An "unborn ~~quick~~ child" ~~is a viable fetus~~ means a member of the species *Homo sapiens*, at any stage of development, and who is carried in the womb. ~~A fetus is viable when it becomes capable of meaningful life outside the womb through standard medical measures.~~

*Give if applicable. § 775.021(5)(b), Fla. Stat.*
Driving Under the Influence Manslaughter does not require the State to prove that the defendant knew or should have known that (victim) was pregnant or that the defendant intended to cause the death of the unborn child.

*When appropriate, give one or more of the following instructions on the presumptions of impairment established by §§ 316.1934(2)(a), (2)(b), and (2)(c), Fla. Stat.*

1.  **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.  **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

3.  **If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Driving under the Influence Manslaughter if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are**

**convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.**

## Lesser Included Offenses

| DRIVING UNDER THE INFLUENCE MANSLAUGHTER — ~~316.193(3)(a)(b)(c)(3)~~ <u>316.193(3)(a), (3)(b), and (3)(c)3.</u> | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Driving under the Influence | | 316.193(1) | 28.1 |
| | Driving under the influence causing serious bodily injury | ~~316.193(3)(a) (b)(c)2~~ <u>316.193(3)(a), (3)(b), and (3)(c)2.</u> | 28.3 |
| | Driving under the influence causing damage to person or property | ~~316.193(3)(a) (b)(c)1~~ <u>316.193(3)(a), (3)(b), and (3)(c)1.</u> | 28.1(a) |

## Comment

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [508 So. 2d 1221], 1992 [603 So. 2d 1175], 1995 [665 So. 2d 212], 1998 [723 So. 2d 123], 2006 [946 So. 2d 1061], ~~and~~ 2009 <u>[6 So. 3d 574], and 2016</u>.

**7.8(a)  BOATING UNDER THE INFLUENCE MANSLAUGHTER**
§§~~327.35(3)(a)(b)(c)3~~ 327.35(3)(a), (3)(b), and (3)(c)3., Fla. Stat.

**To prove the crime of Boating under the Influence Manslaughter, the State must prove the following three elements beyond a reasonable doubt:**

1.     (Defendant) **operated a vessel.**

2.     **While operating the vessel,** (defendant)

*Give 2a or 2b or both as applicable.*
      a.     **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

      b.     **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3.     **As a result of operating the vessel,** (defendant) **caused or contributed to the cause of the death of [**(victim)**] [an unborn child].**

*Give if §§~~327.35(3)(a)(b)(c)3.b~~ 327.35(3)(a), (3)(b), and (3)(c)3.b., Fla. Stat., is charged.*
**If you find the defendant guilty of Boating under the Influence Manslaughter, you must further determine whether the State proved beyond a reasonable doubt that:**

4.     (Defendant)**, at the time of the accident,**

      a.     **knew or should have known that the accident occurred**

           **and**

      b.     **failed to give information as required by law**

           **and**

      c.     **failed to render aid as required by law.**

Florida law requires that the operator of a vessel involved in a collision, accident, or other casualty, to render to other persons affected by the collision, accident, or other casualty such assistance as is practicable and necessary in order to save them from or minimize any danger caused by the collision, accident, or other casualty, so far as [he] [she] can do so without serious danger to the operators own vessel, crew, and passengers.

Florida law also requires the operator to give [his] [her] name, address, and identification of [his] [her] vessel in writing to any person injured and to the owner of any property damaged in the collision, accident, or other casualty.

In cases of collision, accident, or other casualty resulting in death or medical treatment beyond immediate first aid, Florida law requires that the operator, without delay and by the quickest means available, give notice of the accident to one of the following agencies: the Division of Law Enforcement of the Fish and Wildlife Conservation Commission; the sheriff of the county within which the accident occurred; or the police chief of the municipality within which the accident occurred.

*Give if applicable.*
If you find the defendant guilty of Boating under the Influence Manslaughter, you must also determine whether the State has proven beyond a reasonable doubt whether:

> a. the defendant had a [blood] [breath]-alcohol level of .20 or higher while operating the vessel.
>
> b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2d DCA 2013).*
"Vessel" means a boat ~~that is subject to a license tax for operation~~and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.

- 11 -

**"Normal faculties"** include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.

**"Operate"** means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessels navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.

**"Alcoholic beverages"** are considered to be substances of any kind and description which contain alcohol.

(_____) **is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

(_____) **is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*§ 775.021(5), Fla. Stat.*
**An "unborn child" means a member of the species *Homo sapiens*, at any stage of development, and who is carried in the womb.**

*Give if applicable. § 775.021(5)(b), Fla. Stat.*
**Boating Under the Influence Manslaughter does not require the State to prove that the defendant knew or should have known that** (victim) **was pregnant or that the defendant intended to cause the death of the unborn child.**

*When appropriate, give one or more of the following instructions on the presumptions of impairment established by §§ 327.354(2)(a), (2)(b), and (2)(c), Fla. Stat.*

1.    **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the**

defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

2.      If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3.      If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath] -alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.  But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

*Defense of inoperability; give if applicable.*
It is a defense to the charge of Boating under the Influence Manslaughter if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state.  However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE MANSLAUGHTER — ~~327.35(3)(a)(b)(c)3~~ 327.35(3)(a), (3)(b), and (3)(c)3. | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Boating under the influence | | 327.35 | 28.14 |
| | Boating under the influence causing serious bodily injury | ~~327.35(3)(a)(b)(c)2~~ 327.35(3)(a), (3)(b), and (3)(c)2. | 28.17 |
| | Boating under the influence causing damage to person or property | ~~327.35(3)(a)(b)(c)1~~ 327.35(3)(a), (3)(b), and (3)(c)1. | 28.15 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2016.

## 11.1 SEXUAL BATTERY —
## VICTIM LESS THAN 12 YEARS OF AGE
§§ 794.011(2)(a) and (2)(b), Fla. Stat.

**To prove the crime of Sexual Battery upon a Person Less Than 12 Years of Age, the State must prove the following three elements beyond a reasonable doubt:**

1. (Victim) ~~was less than 12 years of age.~~

*Give ~~2a, 2b, 2c, or 2d~~1a, 1b, 1c, and/or 1d as applicable.*

~~2~~1.    a.    (Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**.**

      b.    (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.** *The definition of "an object" includes a finger.*

      c.    (Defendant) **injured the sexual organ of** (victim) **in an attempt to commit an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **would have penetrated or would have had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**.**

      d.    (Defendant) **injured the sexual organ of** (victim) **in an attempt to commit an act upon** (victim) **in which the [anus] [vagina] of** (victim) **would be penetrated by an object.** *The definition of "an object" includes a finger.*

2.   **At the time of the offense,** (victim) **was less than 12 years of age.**

*Give 3a or 3b as applicable.*

3.    a.    **At the time of the offense,** (~~D~~defendant) **was 18 years of age or older**~~at the time of the sexual battery~~**.**

      b.    **At the time of the offense,** (~~D~~defendant) **was less than 18 years of age**~~at the time of the sexual battery~~**.**

*Give if applicable.*
 *§ 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*~~Definition.~~ Give if applicable.*
*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*Give if requested. Khianthalat v. State, 974 So. 2d 359 (Fla. 2008).*
**Consent of** (victim) **is not a defense to the crime charged.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

**Lesser-Included Offenses**

| CAPITAL SEXUAL BATTERY — VICTIM UNDER 12, DEFENDANT 18 OR OVER — 794.011(2)(a) ~~(b)~~ | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sexual battery (Defendant less than 18, victim less than 12) | | 794.011(2)(b) | 11.1 |
| Sexual battery (Defendant 18 or older, victim 12 or older but less than 18) | | 794.011(5)(a) | 11.4 |
| Sexual battery (Defendant 18 or older, victim 18 or older) | | 794.011(5)(b) | 11.4 |

| | | | |
|---|---|---|---|
| Sexual battery (Defendant younger than 18, victim 12 or older) | | 794.011(5)(c) | 11.4 |
| Lewd or lascivious battery (Victim 12 or older but less than 16) | | 800.04(4)(a)1. | 11.10(a) |
| Lewd or lascivious battery (Victim less than 16)* | | 800.04(4)(a)2.* | 11.10(b)* |
| Battery | | 784.03(1)(a)1. | 8.3 |
| | ~~Solicitation by person in familial authority~~ | ~~794.011(8)(c)~~ | ~~11.5~~ |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated Battery | 784.045(1)(a) | 8.4 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Battery | 784.03(1)(a)2. | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

If the ages of either the defendant or the alleged victim are not in dispute, the parties may agree to pare down the necessary lesser-included offenses.

*It is unclear whether the "encouraging, forcing, or enticing any person less than 16 years of age to engage in … any other act involving sexual activity" part of Lewd or Lascivious Battery in § 800.04(4)(a)2., Fla. Stat., is a necessary lesser-included offense of § 794.011(2)(a), Fla. Stat., or § 794.011(2)(b), Fla. Stat. If so, the judge should instruct only on "sexual activity" and not on "sadomasochistic abuse, sexual bestiality, or prostitution," unless those acts are included in the charging document.

In § 794.011(8)(c), Fla. Stat., the legislature created a crime that mirrors this crime except 1) the phrase "engages in any act … which constitutes sexual battery" is used and 2) there is an additional element that the defendant was in a position of familial or custodial authority to the victim. See Instruction 11.6(a).

There are also sex-related crimes that could be Category 2 offenses depending on the charging document and the evidence.

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

This instruction was adopted in 1981 and was amended in 1987 [508 So.2d 1221], 1995 [657 So. 2d 1152], 2007 [863 So. 2d 236],and 2015 [156 So. 3d 1037], and 2016.

## 11.2 SEXUAL BATTERY — VICTIM 12 YEARS OF AGE OR OLDER — GREAT FORCE OR DEADLY WEAPON
§ 794.011(3), Fla. Stat.

**To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older with the Use of [a Deadly Weapon] [or] [Physical Force Likely to Cause Serious Personal Injury], the State must prove the following four elements beyond a reasonable doubt:**

1. ~~(Victim)~~ **~~was 12 years of age or older.~~**

*Give 1a and/or 1b as applicable.*
~~2.~~**1.** a. ~~[~~(Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**.~~]~~**

  b. (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.** *The definition of "an object" includes a finger.*

*Give 2a and/or 2b as applicable.*
~~3.~~**2.** (Defendant)**, in the process,**

  a. ~~[used or threatened to use a deadly weapon].~~

  b. ~~[used actual physical force likely to cause serious personal injury].~~

~~4.~~**3.** **The act was done without the consent of** (victim)**.**

**4.** **At the time of the offense,** (victim) **was 12 years of age or older.**

*Definitions.*
*Give in all cases. § 794.011(1)(a), Fla. Stat.*
**"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.**

- 19 -

*Give if applicable.*
*§ 794.022(4), Fla. Stat.*
**Evidence of** ~~the victim's~~ (victim's) **mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.**

*§ 794.011(1)(c), Fla. Stat.*
**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

*§ 794.011(1)(b), Fla. Stat.*
**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*Give if* ~~3~~2a *alleged.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if* ~~3~~2b *alleged.*
*§ 794.011(1)(g), Fla. Stat.*
**"Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.**

*Give if applicable. § 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

**Lesser-Included Offenses**

| SEXUAL BATTERY — VICTIM OVER 12 — WEAPON OR FORCE — 794.011(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sexual battery (Defendant 18 or older, victim 12 or older but less than 18) | | 794.011(5)(a) | 11.4 |
| Sexual battery (Defendant 18 or older, victim 18 or older) | | 794.011(5)(b) | 11.4 |
| Sexual battery (Defendant younger than 18, victim 12 or older) | | 794.011(5)(c) | 11.4 |
| Lewd or lascivious battery (Victim 12 or older but less than 16) | | 800.04(4)(a)1. | 11.10(a) |
| Lewd or lascivious battery (Victim less than 16)* | | 800.04(4)(a)2.* | 11.10(b)* |
| Battery | | 784.03(1)(a)1. | 8.3 |
| | ~~Sexual battery~~ | ~~794.011(4)~~ | ~~11.3~~ |
| | Attempt | 777.04(1) | 5.1 |
| | ~~Lewd or lascivious battery~~ | ~~800.04(4)~~ | ~~11.10 or 11.10(a)~~ |
| | Aggravated battery | 784.045(1)(a) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Battery | 784.03(1)(a)2. | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

If the ages of either the defendant or the alleged victim are not in dispute, the parties may agree to pare down the necessary lesser-included offenses. The offenses in §§ 794.011(5)(a) – (5)(c), Fla. Stat., however, are included in any sexual battery offense charged under § 794.011(3), Fla. Stat., according to § 794.011(6)(a), Fla. Stat.

*It is unclear whether the "encouraging, forcing, or enticing any person less than 16 years of age to engage in … any other act involving sexual activity" part of Lewd or Lascivious Battery in § 800.04(4)(a)2., Fla. Stat., is a necessary lesser-included offense of § 794.011(3), Fla. Stat. If so, the judge should instruct only on "sexual activity" and not on "sadomasochistic abuse, sexual bestiality, or prostitution," unless those acts are included in the charging document.

There are also sex-related crimes that could be Category 2 offenses depending on the charging document and the evidence.

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

The 2014 legislature added a sentencing multiplier to § 921.0024(1)(b), Fla. Stat., for sexual battery crimes involving a defendant 18 years of age or older and a victim younger than 18 years of age. If the State has charged and intends to use this sentencing multiplier, a special instruction will be necessary for the jury to make additional findings regarding ages.

This instruction was adopted in 1981 and was amended in 1987 [508 So.2d 1221], 1995 [657 So. 2d 1152], 2003 [850 So. 2d 1272], 2008 [995 So. 2d 476], and 2015 [156 So. 3d 1037], and 2016.

- 22 -

## 11.3 SEXUAL BATTERY — ~~VICTIM 12 YEARS OF AGE OR OLDER —~~ UNDER SPECIFIED CIRCUMSTANCES
### §§ 794.011(4)(a), (4)(b), (4)(c), and (4)(d), Fla. Stat.

**To prove the crime of Sexual Battery** ~~upon a Person 12 Years of Age or Older under~~ **Under Specified Circumstances, the State must prove the following** ~~four~~ **five elements beyond a reasonable doubt:**

~~1.   (Victim) **was 12 years of age or older.**~~

*Give 1a and/or 1b as applicable.*
~~2.~~**1.**    **a.**     ~~{~~(Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the [**(defendant)**] [**(victim)**] penetrated or had union with the [anus] [vagina] [mouth] of the [**(victim)**] [**(defendant)**].** ~~}~~

          **b.**     (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of [**(victim)**] [**(defendant)**] was penetrated by an object.** *The definition of "an object" includes a finger.*

*Give 2a – 2g as applicable.*
~~3.~~**2.**    **a.**     ~~{~~(Victim) **was physically helpless to resist.** ~~}~~

          **b.**     ~~{~~(Defendant) **coerced** (victim) **to submit by threatening to use force or violence likely to cause serious personal injury on** (victim) **and** (victim) **reasonably believed the** (defendant) **had the present ability to execute the threat.** ~~}~~

          **c.**     ~~{~~(Defendant) **coerced** (victim) **to submit by threat of retaliation against** (victim) **or any other person and** (victim) **reasonably believed that** (defendant) **had the ability to execute the threat in the future.** ~~}~~

          **d.**     ~~{~~(Defendant)**, without prior knowledge or consent of** (victim)**, administered or had knowledge of someone else administering to** (victim) **a narcotic, anesthetic, or other intoxicating substance that mentally or physically incapacitated** (victim)**.** ~~}~~

e.    {(Victim) **was mentally defective and** (defendant) **had reason to believe this or had actual knowledge of that fact.**}

f.    {(Victim) **was physically incapacitated.**}

g.    {(Defendant) **was at the time a[n]** (insert official title or position) **and was a[n] [certified [law enforcement officer] [correctional officer] [correctional probation officer]] [elected official exempt from certification] [person in a position of control or authority in a probation, community control, controlled release, detention, custodial, or similar setting] and the [officer] [official] [person] was acting in such a manner as to lead** (victim) **to reasonably believe that** (defendant) **was in a position of control or authority as an agent or employee of government.**}

**4.3.    The** (Defendant's) **act was committed without the consent of** (victim).

*Give 4a or 4b as applicable.*
**4.    a.    At the time of the offense,** (victim) **was 12 years of age or older [but younger than 18 years of age].**

b.    **At the time of the offense,** (victim) **was 18 years of age or older.**

*Give 5a or 5b as applicable.*
**5.    a.    At the time of the offense,** (defendant) **was 18 years of age or older.**

b.    **At the time of the offense,** (defendant) **was younger than 18 years of age.**

*Definitions.*
*Give in all cases.*
*§ 794.011(1)(a), Fla. Stat.*
**"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission.  Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.**

*Give if applicable.*
*§ 794.011(9), Fla. Stat.*
**Acquiescence to a person reasonably believed by** (victim) **to be in a position of authority or control does not constitute consent and it is not a defense that** (defendant) **was not actually in a position of control or authority if the circumstances were such as to lead** (victim) **to reasonably believe that [he] [she] was in such a position.**

*§ 794.022(4), Fla. Stat.*
**Evidence of ~~the victim's~~** (victim's) **mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.**

*§ 794.011(1)(c), Fla. Stat.*
**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

*§ 794.011(1)(b), Fla. Stat.*
**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*Give if ~~3~~2a alleged. § 794.011(1)(e), Fla. Stat.*
**"Physically helpless" means that a person is unconscious, asleep, or for any other reason physically unable to communicate unwillingness to act.**

*Give if ~~3~~2b alleged. § 794.011(1)(g), Fla. Stat.*
**"Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.**

*Give if ~~32~~f alleged. § 794.011(1)(j), Fla. Stat.*
**"Physically incapacitated" means that a person is bodily impaired or handicapped and substantially limited in his or her ability to resist or flee an act.**

*Give if applicable. § 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*Give if applicable. § 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual battery against student by school authority figure.*
*Applicable only to §§ 794.011(4)(b), (4)(c), and (4)(d), Fla. Stat.*
**If you find that** (defendant) **committed the crime of Sexual Battery Under Specified Circumstances, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in § 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

*In the event that multiple perpetrators is charged and proven, give instruction on enhancement.  § 794.023, Fla. Stat.*

**Lesser-Included Offenses**

| SEXUAL BATTERY — DEFENDANT 18 OR OLDER; VICTIM OVER 12 – LESS THAN 18 — UNDER SPECIFIED CIRCUMSTANCES — 794.011(4)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sexual battery under specified circumstances (Defendant 18 or older, victim 18 or older) | | 794.011(4)(b) | 11.3 |
| Sexual battery under specified circumstances (Defendant younger than 18, victim 12 or older) | | 794.011(4)(c) | 11.3 |
| Sexual battery* | | 794.011(5)(a)** | 11.4* |
| Lewd or lascivious battery (Victim 12 or older but less than 16) | | 800.04(4)(a)1. | 11.10(a) |
| Lewd or lascivious battery (Victim less than 16)** | | 800.04(4)(a)2.** | 11.10(b)** |
| Battery | | 784.03(1)(a)1. | 8.3 |
| | Lewd or lascivious battery | 800.04(4) | 11.10 or 11.10(a) |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated battery | 784.045(1) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Battery | 784.03(1)(a)2. | 8.3 |
| | Assault | 784.011 | 8.1 |

# Comments

* If the ages of either the defendant or the alleged victim are not in dispute, the parties may agree to pare down the necessary lesser-included offenses. The offenses in §§ 794.011(5)(a) - (5)(d), Fla. Stat., are included in any sexual battery offense charged under §§ 794.011(4)(a) - (4)(d), Fla. Stat., respectively, pursuant to §§ 794.011(6)(b) - (6)(e), Fla. Stat.

**It is unclear whether the "encouraging, forcing, or enticing any person less than 16 years of age to engage in … any other act involving sexual activity" part of Lewd or Lascivious Battery in § 800.04(4)(a)2., Fla. Stat., is a necessary lesser-included offense of § 794.011(4), Fla. Stat. If so, the judge should instruct only on "sexual activity" and not on "sadomasochistic abuse, sexual bestiality, or prostitution," unless those acts are included in the charging document.

There are also sex-related crimes that could be Category 2 offenses depending on the charging document and the evidence.

Element 3g: See ~~s.~~ §§ 943.10(1), (2), (3), (6), (7), (8), (9), Fla. Stat., for the definition of a law enforcement officer, correctional officer, or correctional probation officer who must be either certified pursuant to ~~s.~~ § 943.1395, Fla. Stat., or an elected officer exempt from certification pursuant to ~~s.~~ § 943.253, Fla. Stat.

If § 794.011(4)(d), Fla. Stat., is charged, this instruction can be used as a template with some amendments. Under that statute, the victim must be 12 years of age or older, the age of the defendant is irrelevant, and most of the alternatives regarding the prior conviction can probably be proven to the judge at a sentencing hearing. However, for an enhancement involving a prior conviction for a Kidnapping or False Imprisonment involving a minor, wherein the defendant committed a sexual battery or some enumerated lewd act upon the minor during the course of the kidnapping or false imprisonment, then *Apprendi v. New Jersey*, 530 U.S. 466 (2000) is likely to require the jury to make certain findings regarding additional circumstances of the prior conviction.

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

In the event that multiple perpetrators is charged and proven, a special instruction is necessary. See § 794.023, Fla. Stat.

This instruction was adopted in 1981 and was amended in 1987 [508 So.2d 1221], 1992 [603 So.2d 1175], 1995 [657 So.2d 1152], 2003 [850 So.2d 1272], 2008 [995 So. 2d 476], and 2015 [156 So. 3d 1037], and 2016.

**11.4 SEXUAL BATTERY — ~~PERSON 12 YEARS OF AGE OR OLDER~~**
§§ 794.011(5)(a), (5)(b), (5)(c), and (5)(d), Fla. Stat.

**To prove the crime of Sexual Battery~~upon a Person 12 Years of Age or Older~~, the State must prove the following~~three~~ <u>four</u> elements beyond a reasonable doubt:**

~~**1.**~~ ~~(Victim)~~ **~~was 12 years of age or older.~~**

*Give ~~2~~<u>1</u>a or ~~2~~<u>1</u>b as applicable.*
**~~2.~~<u>1.</u>  a.** ~~[~~(Defendant) **committed an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**.~~]~~**

  **b.** (Defendant) **committed an act [upon] [with]** (victim) **in which the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.** *The definition of "an object" includes a finger.*

**~~3.~~ <u>2.</u>** ~~The~~ (Defendant's) **act was committed without the consent of** (victim)**.**

*Give 3a or 3b as applicable.*
<u>**3.**</u> <u>**a.**</u> <u>**At the time of the offense,**</u> (victim) <u>**was 12 years of age or older [but younger than 18 years of age].**</u>

  <u>**b.**</u> <u>**At the time of the offense,**</u> (victim) <u>**was 18 years of age or older.**</u>

*Give 4a or 4b as applicable.*
<u>**4.**</u> <u>**a.**</u> <u>**At the time of the offense,**</u> (defendant) <u>**was 18 years of age or older.**</u>

  <u>**b.**</u> <u>**At the time of the offense,**</u> (defendant) <u>**was younger than 18 years of age.**</u>

*Definitions.*
*Give in all cases. § 794.011(1)(a), Fla. Stat.*

**"Consent"** means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.

*Give if applicable.*
*§ 794.022(4), Fla. Stat.*
**Evidence of ~~the victim's~~**(victim's) **mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.**

*§ 794.011(1)(c), Fla. Stat.*
**"Mentally incapacitated"** **means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

*§ 794.011(1)(b), Fla. Stat.*
**"Mentally defective"** **means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

*~~Give if applicable.~~*
*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union"** **means contact.**

*Give if applicable.*
*§ 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual battery against student by school authority figure.*

**If you find that** (defendant) **committed the crime of Sexual Battery, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in § 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

*~~In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla. Stat.~~*

## Lesser-Included Offenses

| SEXUAL BATTERY — DEFENDANT 18 OR OVER; VICTIM ~~OVER 12~~–LESS THAN 18 — WITHOUT FORCE — 794.011(5)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Sexual battery (Defendant 18 or older, victim 18 or older) | | 794.011(5)(b) | 11.4 |
| Sexual battery (Defendant younger than 18, victim 12 or older) | | 794.011(5)(c) | 11.4 |
| Lewd or lascivious battery (Victim 12 or older but less than 16) | | 800.04(4)(a)1. | 11.10(a) |
| Lewd or lascivious battery (Victim less than 16)* | | 800.04(4)(a)2.* | 11.10(b)* |
| Battery | | 784.03(1)(a)1. | 8.3 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated battery | 784.045(1) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021(1)(a) | 8.2 |
| | Battery | 784.03(1)(a)2. | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

If the ages of either the defendant or the alleged victim are not in dispute, the parties may agree to pare down the necessary lesser-included offenses.

*It is unclear whether the "encouraging, forcing, or enticing any person less than 16 years of age to engage in … any other act involving sexual activity" part of Lewd or Lascivious Battery in § 800.04(4)(a)2., Fla. Stat., is a necessary lesser-included offense of § 794.011(5), Fla. Stat. If so, the judge should instruct only on "sexual activity" and not on "sadomasochistic abuse, sexual bestiality, or prostitution," unless those acts are included in the charging document.

There are also sex-related crimes that could be Category 2 offenses depending on the charging document and the evidence.

If § 794.011(5)(d), Fla. Stat., is charged, this instruction can be used as a template with some amendments. Under that statute, the victim must be 12 years of age or older, the age of the defendant is irrelevant, and most of the alternatives regarding the prior conviction can probably be proven to the judge at a sentencing hearing. However, for an enhancement involving a prior conviction for a Kidnapping or False Imprisonment involving a minor, wherein the defendant committed a sexual battery or some enumerated lewd act upon the minor during the course of the kidnapping or false imprisonment, then *Apprendi v. New Jersey*, 530 U.S. 466 (2000) is likely to require the jury to make certain findings regarding additional circumstances of the prior conviction.

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

In the event that multiple perpetrators is charged and proven, a special instruction is necessary. See § 794.023, Fla. Stat.

This instruction was adopted in 1981 and was amended in 1987 [508 So. 2d 1221], 1995 [657 So. 2d 1152], 2003 [850 So. 2d 1272], and 2015 [156 So. 3d 1037], and 2016.

**11.5  SOLICITATION OF ~~A~~ CHILD ~~UNDER 18 YEARS OF AGE~~ TO ENGAGE IN AN ACT THAT CONSTITUTES SEXUAL BATTERY BY ~~A~~ PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY**
§ 794.011(8)(a), Fla. Stat.

**To prove the crime of Solicitation of a Child to Engage in an Act that Constitutes Sexual Battery by a Person in Familial or Custodial Authority, the State must prove the following three elements beyond a reasonable doubt:**

~~1.      (Victim) **was less than 18 years of age.**~~

~~2.      (Defendant) **stood in the position of familial or custodial authority with regard to** (victim)**.**~~

~~3.~~**1.**    (Defendant)~~**[commanded] [encouraged] [hired] [requested] [tried to induce]**~~ **solicited** (victim) **to engage in a**~~**n act which constitutes**~~ **sexual battery.** ~~**in which:**~~

~~a.  **[the sexual organ of the** [(defendant)] [(victim)] **would penetrate or have union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**].**~~

~~b.  **[the [anus] [vagina] of** [(victim)] [(defendant)] **would be penetrated by an object].**~~

**2.      At the time of the offense,** (victim) **was less than 18 years of age.**

**3.      At the time of the offense,** (defendant) **was in a position of familial or custodial authority to** (victim).

**"Sexual Battery" means:**
> **a.**    **the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**;**
>
> **or**
>
> **b.**    **the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.** *The definition of "an object" includes a finger.*

**It is not necessary that a sexual battery actually take place for the crime of Solicitation to be completed.**

*§ 794.011(8), Fla. Stat.*
**It is not a defense that** (victim) **was willing to engage in an act which constitutes sexual battery or consented to engage in such acts.**

*Give if applicable. § 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Definition~~s~~. ~~Give if applicable.~~*
*§ 777.04(2), Fla. Stat.*
**To "solicit" means to command, encourage, hire, or request another person to engage in specific conduct.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Solicitation of a Child to Engage in an Act that Constitutes Sexual Battery by a Person in Familial or Custodial Authority, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat., for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in § 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

| SOLICITATION OF A CHILD TO ENGAGE IN AN ACT THAT CONSTITUTES SEXUAL BATTERY BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY — 794.011(8)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Lewd or lascivious battery* | | 800.04(4)(a)2.* | 11.10(b)* |

### Comments

*When instructing on the lesser-included offense of Lewd or Lascivious Battery, the judge should not instruct on the option of forcing a person to engage in any sexual act nor should the judge instruct about the acts of sadomasochistic abuse, sexual bestiality, or prostitution unless charged. More specifically, if the state's charging document tracks § 794.011(8)(a), Fla. Stat., the only part of Lewd or Lascivious Battery that is a necessary lesser-included offense is "encouraging or enticing a person less than 16 years old to engage in sexual activity."

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

The 2014 legislature added a sentencing multiplier to § 921.0024(1)(b), Fla. Stat., for sexual battery crimes involving a defendant 18 years of age or older and a

victim younger than 18 years of age. If the State charges and intends to use this sentencing multiplier, a special instruction will be necessary for the jury to make an additional finding regarding the defendant's age.

This instruction was adopted in 1987 [508 So. 2d 1221] and was amended in 1995 [657 So. 2d 1152], 1997 [697 So. 2d 84], and 2015 [156 So. 3d 1037], and 2016.

**11.6   ENGAGING IN AN ACT WHICH CONSTITUTES SEXUAL BATTERY UPON OR WITH A CHILD 12 YEARS OF AGE OR OLDER BUT ~~UNDER~~ YOUNGER THAN 18 YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY**
§ 794.011(8)(b), Fla. Stat.

To prove the crime of **Engaging in an Act Which Constitutes** Sexual Battery Upon **or With** a Child **12 Years of Age or Older but Younger than 18 Years of Age** by a Person in a Familial or Custodial Authority, the State must prove the following three elements beyond a reasonable doubt:

1.   ~~(Victim) **was 12 years of age or older but less than 18 years of age.**~~

2.   ~~(Defendant) **stood in the position of familial or custodial authority with regard to** (victim).~~

~~3.~~ **1.**   (Defendant) ~~**committed an**~~ **engaged in any** act **[upon] [with]** (victim) **which constituted sexual battery.** ~~in which:~~

   ~~**a.**   **[the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)]].**~~

   ~~**b.**   **[the [anus] [vagina] of [(victim)] [(defendant)] was penetrated by an object].**~~

~~3.~~ **2.**   At the time of the offense, (victim) **was 12 years of age or older but younger than 18 years of age.**

~~4.~~**3.**   At the time of the offense, (defendant) **was in a position of familial or custodial authority to** (victim).

**"Sexual Battery" means:**
   **a.**   the sexual organ of the [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)];**

   **or**

**b.** the [anus] [vagina] of [(victim)] [(defendant)] **was penetrated by an object.** *The definition of "an object" includes a finger.*

*§ 794.011(8), Fla. Stat.*
**It is not a defense that** (victim) **was willing to engage in ~~an~~ acts which ~~would~~ constitute~~s~~ ~~a~~sexual battery or consented to engage in such acts.**

*Give if applicable. § 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Definition~~s~~. Give if applicable.*
*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*Give if requested. § 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Engaging in an Act Which Constitutes Sexual Battery Upon or With a Child 12 Years of Age or Older but Younger than 18 Years of Age by a Person in a Familial or Custodial Authority, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of**

**Education].  The term "school" does not include facilities dedicated exclusively to the education of adults.**  *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat., for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in § 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

**Lesser-Included Offenses**

| ENGAGING IN AN ACT WHICH CONSTITUTES SEXUAL BATTERY UPON OR WITH A CHILD 12 YEARS OF AGE OR OLDER BUT ~~UNDER~~ YOUNGER THAN 18 YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY — 794.011(8)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Sexual battery (Defendant 18 or older, victim 12 or older but younger than 18) | | 794.011(5)(a) | 11.4 |
| Sexual battery (Defendant 18 or older, victim 18 or older) | | 794.011(5)(b) | 11.4 |
| Sexual battery (Defendant younger than 18, victim 12 or older) | | 794.011(5)(c) | 11.4 |
| Lewd or lascivious battery (Victim 12 or older but younger than 16) | | 800.04(4)(a)1. | 11.10(a) |
| Lewd or lascivious battery (Victim younger than 16)* | | 800.04(4)(a)2.* | 11.10(b)* |
| Battery | | 784.03(1)(a)1. | 8.3 |
| | Attempt | 777.04(1) | 5.1 |
| | ~~Lewd or lascivious battery~~ | ~~800.04(4)~~ | ~~11.10 or 11.10(a)~~ |
| | Aggravated battery | 784.045(1)(a) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Battery | 784.03(1)(a)2. | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

If the ages of either the defendant or the alleged victim are not in dispute, the parties may agree to pare down the necessary lesser-included offenses.

*It is unclear whether the "encouraging, forcing, or enticing any person less than 16 years of age to engage in … any other act involving sexual activity" part of Lewd or Lascivious Battery in § 800.04(4)(a)2., Fla. Stat., is a necessary lesser-included offense of § 794.011(8)(b), Fla. Stat. If so, the judge should instruct only on "sexual activity" and not on "sadomasochistic abuse, sexual bestiality, or prostitution," unless those acts are included in the charging document.

There are also sex-related crimes that could be Category 2 offenses depending on the charging document and the evidence.

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

In the event that multiple perpetrators is charged and proven, a special instruction is necessary. See § 794.023, Fla. Stat.

The 2014 legislature added a sentencing multiplier to § 921.0024(1)(b), Fla. Stat., for sexual battery crimes involving a defendant 18 years of age or older and a victim younger than 18 years of age. If the State charges and intends to use this sentencing multiplier, a special instruction will be necessary for the jury to make an additional finding regarding the defendant's age.

This instruction was adopted 1987 [508 So.2d 1221] and was amended in 1995 [657 So.2d 1152], 1997 [697 So.2d 84], 2008 [995 So. 2d 476], and 2015 [156 So. 3d 1037], and 2016.

**11.6(a)  ENGAGING IN AN ACT WHICH [CONSTITUTED SEXUAL BATTERY] [INJURED THE SEXUAL ORGAN OF ANOTHER IN AN ATTEMPT TO COMMIT SEXUAL BATTERY] BY A PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY UPON A PERSON LESS THAN 12 YEARS OF AGE**
§ 794.011(8)(c), Fla. Stat.

**To prove the crime of Engaging in an Act Which [Constituted Sexual Battery] [Injured the Sexual Organ of Another in an Attempt to Commit Sexual Battery] by a Person in Familial or Custodial Authority upon a Person Less Than 12 Years of Age, the State must prove the following four elements beyond a reasonable doubt:**

*Give 1a, 1b, 1c, and/or 1d as applicable.*

**1.**  **a.**  (Defendant) **engaged in an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **penetrated or had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**.**

  **b.**  (Defendant) **engaged in an act [upon] [with]** (victim) **in which the [anus] [vagina] of** [(victim)] [(defendant)] **was penetrated by an object.** *The definition of "an object" includes a finger.*

  **c.**  (Defendant) **engaged in an act which injured the sexual organ of** (victim) **in an attempt to commit an act [upon] [with]** (victim) **in which the sexual organ of the** [(defendant)] [(victim)] **would have penetrated or would have had union with the [anus] [vagina] [mouth] of the** [(victim)] [(defendant)]**.**

  **d.**  (Defendant) **engaged in an act which injured the sexual organ of** (victim) **in an attempt to commit an act upon** (victim) **in which the [anus] [vagina] of** (victim) **would be penetrated by an object.** *The definition of "an object" includes a finger.*

**2.**  **At the time of the offense,** (defendant) **was in a position of familial or custodial authority to** (victim)**.**

**3.** **At the time of the offense,** (victim) **was less than 12 years of age.**

*Give 4a or 4b as applicable.*
**4.** **a.** **At the time of the offense,** (defendant) **was 18 years of age or older.**

**b.** **At the time of the offense,** (defendant) **was less than 18 years of age.**

*Give if applicable.*
*§ 794.011(1)(h), Fla. Stat.*
**However, any act done for bona fide medical purposes is not a sexual battery.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Union" means contact.**

*§ 794.021, Fla. Stat.*
**Ignorance of** (victim's) **age,** (victim's) **misrepresentation of his or her age, or a defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

*§ 794.011(8), Fla. Stat.*
**Consent of** (victim) **is not a defense to the crime charged.**

*§ 794.022, Fla. Stat.*
(Victim's) **lack of chastity is not a defense to the crime charged.**

## Lesser-Included Offenses

| ENGAGING IN AN ACT WHICH [CONSTITUTED SEXUAL BATTERY] [INJURED THE SEXUAL ORGAN OF ANOTHER] BY A PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY UPON A PERSON LESS THAN 12 YEARS OF AGE; DEFENDANT 18 OR OLDER – 794.011(8)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sexual battery (Defendant 18 or older, victim younger than 12) | | 794.011(2)(a) | 11.1 |
| Sexual battery (Defendant younger than 18, victim younger than 12) | | 794.011(2)(b) | 11.1 |
| Engaging in an act which constituted sexual battery (Victim younger than 12, defendant younger than 18) | | 794.011(8)(c) | 11.6(a) |
| Sexual battery (Defendant 18 or older, victim 12 or older but younger than 18) | | 794.011(5)(a) | 11.4 |
| Sexual battery (Defendant 18 or older, victim 18 or older) | | 794.011(5)(b) | 11.4 |
| Sexual battery (Defendant younger than 18, victim 12 or older) | | 794.011(5)(c) | 11.4 |
| Lewd or lascivious battery (Victim 12 or older but less than 16) | | 800.04(4)(a)1. | 11.10(a) |

| | | | |
|---|---|---|---|
| Lewd or lascivious battery (Victim less than 16)* | | 800.04(4)(a)2.* | 11.10(b)* |
| Battery | | 784.03(1)(a)1. | 8.3 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated battery | 784.045(1)(a) | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021(1)(a) | 8.2 |
| | Battery | 784.03(1)(a)2. | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

If the ages of either the defendant or the alleged victim are not in dispute, the parties may agree to pare down the necessary lesser-included offenses.

*It is unclear whether the "encouraging, forcing, or enticing any person less than 16 years of age to engage in … any other act involving sexual activity" part of Lewd or Lascivious Battery in § 800.04(4)(a)2., Fla. Stat., is a necessary lesser-included offense of § 794.011(8)(c), Fla. Stat. If so, the judge should instruct only on "sexual activity" and not on "sadomasochistic abuse, sexual bestiality, or prostitution," unless those acts are included in the charging document.

There are also sex-related crimes that could be Category 2 offenses depending on the charging document and the evidence.

See Instruction 11.16 or 11.16(a) if the State charged that the defendant qualified as a Dangerous Sexual Felony Offender, pursuant to § 794.0115, Fla. Stat.

This instruction was adopted in 2016.