842 So.2d 187 (2003)
David HOLMES, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D02-356.
District Court of Appeal of Florida, Second District.
March 14, 2003.
Rehearing Denied April 16, 2003.
David Holmes, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Respondent.
COVINGTON, Judge.
David Holmes, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises several grounds alleging ineffective assistance of appellate counsel. We deny without discussion all of the grounds but one. On the remaining ground, because it is clear that the trial court's erroneous jury instruction, when viewed in context with the prosecutor's closing argument, constituted fundamental error that would have required reversal had it been raised as an issue on appeal,[1] we vacate the judgment and sentence on one of the offenses of which Holmes was convicted, and we remand for a new trial on that count. See Johnson v. Wainwright, 498 So.2d 938 (Fla.1986) (vacating petitioner's convictions and sentences and remanding for new trial and holding that, where petitioner demonstrated appellate counsel's ineffectiveness in failing to raise *188 claim of reversible error, granting petitioner new appeal would be redundant).
Holmes was convicted after jury trial of two counts of attempted sexual battery upon a child less than twelve years of age and one count of committing a lewd and lascivious act in the presence of a child less than sixteen years of age. In one of the attempted capital sexual battery counts, the State alleged in the information that Holmes "did unlawfully attempt to commit a sexual battery upon D.H .... by attempting to penetrate the vagina of D.H. with his hand and/or finger." Holmes argues that the trial court committed fundamental error in instructing the jury that he could be found guilty of attempted capital sexual battery if the State proved that Holmes committed an "act upon D.H. in which the hand/or finger of DAVID W. HOLMES attempted to penetrate or attempted to have union[2]with the vagina of D.H." (Emphasis added.) Holmes further argues that appellate counsel was ineffective in failing to raise this issue on appeal. We agree.
Sexual battery is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.011(1)(h), Fla. Stat. (1995). "[A] defendant's finger is an `other object,' which must penetrate and not merely have union with the relevant part." Richards v. State, 738 So.2d 415, 418 (Fla. 2d DCA 1999). In the present case, the above instruction was completely erroneous since attempted union of the finger or hand with the vagina does not constitute the crime of attempted capital sexual battery. In Palazzolo v. State, 754 So.2d 731, 737 (Fla. 2d DCA 2000), the trial court instructed the jury that "capital sexual battery was proven if the State established that `the finger of the defendant penetrated or had union with the vagina of the victim.'" The doctor's trial testimony confused the concepts of penetration and union, and the prosecutor "stated that Mr. Palazzolo would be guilty of sexual battery if his finger `penetrated or had union with the vagina of [C.G.].'" Id. (brackets in original). The Palazzolo court held that "there was fundamental error in this case where the instruction itself was erroneous and where there were misleading comments made during the trial." Id. In the present case, the prosecutor, in closing argument, stated that Holmes "committed an act upon [D.H.] in which the hand or finger of David Holmes attempted to penetrate or have union withwhich means contactthe vagina." Thus, the erroneous jury instruction, combined with the misleading argument, constitutes fundamental error. The per curiam affirmed opinion in the present case was issued almost one and one-half years after the issuance of the Palazzolo opinion. If counsel had argued this issue on appeal, we would have reversed and remanded for a new trial on this count. Accordingly, we grant this portion of Holmes' petition, and we vacate his conviction on count one of the information and remand for a new trial on that count only.
Petition granted in part and denied in part.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] In Reed v. State, 837 So.2d 366 (Fla.2002), the supreme court held that fundamental error is always harmful.
[2] The jury was instructed that union means contact.