853 So.2d 563 (2003)
Roger NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1307.
District Court of Appeal of Florida, Fourth District.
September 3, 2003.
*564 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Roger Nelson, was charged and convicted of manslaughter with a deadly weapon in the shooting death of innocent bystander, Derrick Haughton. Appellant's request for a jury instruction on self-defense was denied on the grounds that such an instruction could not be used on a transferred intent crime. On appeal, appellant claims that by denying his request for a self-defense instruction yet giving the jury a transferred intent instruction, the trial court denied him his ability to present a defense. We agree.
In this case, appellant pulled up to a group of about twenty to thirty men playing dice, and got out of his car and approached one of the men, Herbert Amose. Appellant tried to talk to Amose, who immediately began cursing at appellant and ran after him. Amose threatened to hurt appellant and punched him in the jaw. He then chased appellant with a brick in his hand, threatening to seriously harm appellant. Appellant jumped into his car, but was unable to pull out. Amose stood in front of the car near the windshield with brick in hand and told appellant to get out and fight him. Amose, a rather large man, threatened to hit appellant with the brick and taunted appellant to shoot him. Appellant exited his car with a gun and began shooting in Amose's direction. As a result, Haughton was shot and killed.
The trial court instructed the jury on the justifiable use of deadly force:
A killing that is excusable or was committed by the use of justifiable deadly force is lawful.
If you find the killing was done by the defendant, you will next then consider the circumstances surrounding the killing and decide whether the killing was manslaughter or whether the killing was excusable or resulted from justifiable use of deadly force.
Justifiable homicide is defined as follows: The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the killing.
Pursuant to the state's request, the jury was also given an instruction defining transferred intent:
If a person aims or shoots a firearm at another person, but instead misses and hits a different person, the law transfers the intent to shoot from the person aimed at to the person who was actually hit.
The court explained that in order to find appellant guilty of manslaughter the state must prove beyond a reasonable doubt that Derrick Haughton was dead and that appellant intentionally caused his death or that his death was caused by culpable negligence. *565 The court also instructed that appellant could not be found guilty of manslaughter if the killing was justifiable or excusable.
We agree with appellant that the denial of his request for a self-defense instruction, denied him of the opportunity to present a valid defense. It is well settled that a defendant is entitled to have a jury instruction on any valid defense supported by the evidence. See Mora v. State, 814 So.2d 322, 330 (Fla.2002).
Under the facts of this case, appellant should have been entitled to transfer his theory of self-defense to defend against the transferred intent crime. In Brown v. State, 84 Fla. 660, 94 So. 874, 874 (1922), the Florida Supreme Court held that "[i]f the killing of the party intended to be killed would, under all the circumstances, have been excusable or justifiable homicide upon the theory of self-defense, then the unintended killing of a bystander, by a random shot fired in the proper and prudent exercise of such self-defense, is also excusable or justifiable." See also Foreman v. State, 47 So.2d 308 (Fla.1950); 15B Fla. Jur 2d Criminal Law § 3431 ("if the slaying of an attacker would in the circumstances be self-defense, the person attacked will be free from liability if, in attempting to defend himself, he unintentionally kills a third person."); V.M. v. State, 766 So.2d 280 (Fla. 4th DCA 2000)(where self-defense is a viable defense to the charge of battery on an intended victim, the defense also operates to excuse the battery on the unintended victim).
As instructed by the court, the jury could only find that appellant was not guilty of manslaughter if the killing was justifiable or excusable. By giving the jury an instruction on justifiable use of deadly force coupled with a transferred intent instruction, there was no way the jury could have ever found that appellant was justified in killing Haughton. According to the justifiable use of deadly force instruction, the killing of a human being is justifiable and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant. Since Haughton, an innocent bystander, posed no threat to appellant, by denying his request for a self-defense instruction, the court denied appellant's ability to transfer his defense to the unintended killing.
REVERSED AND REMANDED FOR A NEW TRIAL.
FARMER, C.J., and KLEIN, J., concur.