CIKLIN, J.
Nyro Gustavis Frederick appeals his convictions and sentences for two counts of attempted first-degree murder with a firearm, one count of shooting into a building, and one count of shooting into an occupied vehicle. Frederick raises two points on appeal. We affirm on both points and write only to discuss Frederick’s assertion that the trial court committed fundamental error by instructing the jury on the doctrine of transferred intent with respect to the crime of attempted first-degree murder.
At approximately 7:30 p.m. on December 3, 2007, Mildred Walter, her husband David Walter, and her daughter LeShaun-ta Warthen were at their home in Riviera Beach. Mr. Walter and Warthen sat in their respective vehicles which were parked in the driveway. Mrs. Walter was inside the house. Her son, Reshard Reed, was on the porch. Mrs. Walter’s grandson and four of Reed’s friends were all in the yard at the time.
As Mrs. Walter exited the house, she stopped on the porch and began talking with Reed. At that point in time, a white, four-door Chevrolet slammed on its brakes in front of the gate to the house. Frederick exited from the front passenger side of the vehicle and began shooting toward the porch where Mrs. Walter and Reed were conversing.
Mrs. Walter was hit by a bullet in her lower right leg and fell to the ground. Warthen, seeing her mother fall, jumped out of her car and covered her mother with her own body to protect her. There was a lull in the shooting, and then the driver of the Chevrolet exited the vehicle and began shooting an assault rifle at Mr. Walter’s vehicle. At some point, some people in the Walters’ yard returned fire. The two assailants returned to their vehicle and left. Mrs. Walter was taken to the hospital for treatment of the gunshot wound that she suffered.
Based on the aforementioned events, the state charged Frederick with attempted first-degree murder with a firearm based on his act of shooting Mrs. Walter (count I), attempted first-degree murder with a firearm based on his co-felon’s shooting at Mr. Walter (count II), shooting into a building (count III), and shooting into an occupied vehicle (count IV).
At trial, the state requested the following instruction on transferred intent be included when instructing the jury on the charge for the attempted murder of Mrs. Walter:
If a person aims or shoots a firearm at another person but instead hits a different person, the law transfers the intent to shoot from the person who was the intended target to the person who was actually hit.
Defense counsel did not object to the inclusion of this instruction. The jury found Frederick guilty as charged on all four counts.
Frederick now contends that the trial court committed fundamental error by instructing the jury on the doctrine of transferred intent with respect to the crime of attempted first-degree murder. We disagree.
“Jury instructions are subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error oc *447 curred.” State v. Weaver, 957 So.2d 586, 588 (Fla.2007) (citation and quotation marks omitted). For an error to be fundamental, “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Id. (citation and quotation marks omitted).
Frederick relies on Bell v. State, 768 So.2d 22 (Fla. 1st DCA 2000), to support his contention that instructing the jury on transferred intent for an attempted first-degree murder charge is contrary to Florida law. In Bell, the First District analyzed dicta from State v. Brady, 745 So.2d 954 (Fla.1999), where the Florida Supreme Court explained:
[Transferred intent is inapplicable where no death results and the defendant is charged with attempted murder of the intended victim, because the defendant committed a completed crime at the time he shot at the intended victim regardless of whether any injury resulted to the unintended victim.
Id. at 956 n. 2 (emphasis added). The First District then concluded that it shared the views of the Florida Supreme Court as well as those of the Fifth District, and held that “if the issue is whether the defendant attempted to murder multiple victims, then such specific intent is not subject to transfer but rather such intent should be independently evaluated as to each victim.” Bell, 768 So.2d at 28 (quoting Brady v. State, 700 So.2d 471, 473 (Fla. 5th DCA 1997)).
Frederick’s reliance on Bell is misplaced because, in Bell, the defendant was charged with the attempted first-degree murder of both the intended and unintended victims. Contrarily, Frederick was only charged with the attempted first-degree murder of a single victim based on his shooting of Mrs. Walter. Thus, the issue before the jury was not whether Frederick attempted to murder multiple victims. See id.
In summary, Frederick would be guilty of attempted first-degree murder with a firearm as charged in count I of the information regardless of whether his premeditated intent was to murder Mrs. Walter or to murder Reed. See § 782.04(l)(a)l., Fla. Stat. (2007) (defining first-degree murder as the unlawful killing of a human being with the “premeditated design to effect the death of the person killed or any human being ” (emphasis added)). Therefore, we conclude that no fundamental error occurred as a result of the trial court instructing the jury on the doctrine of transferred intent with respect to the crime of attempted first-degree murder as charged in count I of the information. As such, we affirm Frederick’s convictions and sentences.

Affirmed.

TAYLOR and DAMOORGIAN, JJ., concur.