PER CURIAM.
Chad Edward Lakey appeals from the judgment and sentence entered after a jury convicted him of sexual battery on a child by a person in a position of familial or custodial authority, attempted sexual battery on a child by a person in a position of familial or custodial authority, and child abuse. On appeal, Lakey asserts the trial court committed fundamental error in failing to properly instruct the jury on attempted sexual battery. We agree and reverse.
As to the attempted sexual battery charge, the information alleged that Lakey “rubbed” the victim’s genitals. In order to obtain a conviction for attempted sexual battery, the State must prove that the defendant attempted to commit an act whereby (1) either the defendant’s or victim’s sexual organ penetrated or had union with the anus, vagina or mouth of the other, or (2) the anus or vagina of the victim was penetrated by an object. § 794.011(l)(h), (8)(b), Fla. Stat. (2008); Fla. Std. Jury Instr. (Crim.) 11.6. A defendant’s finger is considered an “object” within the meaning of the statute, and therefore “must penetrate and not merely have union with the relevant [body] part.” Holmes v. State, 842 So.2d 187, 188 (Fla. 2d DCA 2003) (quotation omitted).
In this case, the trial court instructed the jury as follows: “To prove the crime of Attempted Sexual [Battery on] a Child, the State must prove ... Chad La-key attempted to penetrate or have union with the sexual organ of [the victim].” This instruction improperly permitted the jury to convict Lakey of attempted sexual battery based on a finding that he attempted a digital union with the sexual organ of the victim. See Holmes, 842 So.2d at 188; see also Gill v. State, 586 So.2d 471, 472 (Fla. 4th DCA 1991) (holding trial court committed fundamental error in instructing jury that union with an object was an alternative to penetration by an object on the charge of sexual battery). Finding the instruction was fundamentally erroneous, we reverse and remand for a new trial on the attempted sexual battery charge. We affirm as to the remaining two counts.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER[1] and COHEN, JJ., and MENDOZA, C.E., Associate Judge, concur.