SHEPHERD, Senior Judge.
I respectfully dissent. The issue in this case is whether a defendant in a sexual battery case has the same right as does the victim to invoke Florida’s Rape Shield Law, section 794.022(2) of the Florida Statutes (2014), seeking to exclude from evidence a victim’s previous experiences with unrelated men. I believe that he does.
Florida’s Rape Shield Law provides, in pertinent part:
Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under ... s. 794.011, [of the Florida Statutes].
Pedro Portillo was convicted of attempted sexual battery with an object (namely, his fingers) pursuant to sections 794.011(5) and 777.04(1) of the Florida Statutes (2014). The evidence presented at trial established that Mr. Portillo moved his hand up the victim’s thigh and ultimately rested his palm on her vulva (the exterior organ). She also testified unequivocally that Portil-lo did not move his fingers any further before she moved his hand away. The key disputed issue at trial was whether Mr. Portillo intended to actually penetrate the victim’s vaginal canal with his fingers, or whether he simply sought to touch her exterior vulva. The completed act of sexual battery with an object requires the actual penetration of the vaginal canal, rather than mere union with the exterior vulva. See Lakey v. State, 113 So.3d 90, 91 (Fla. 5th DCA 2013). Attempted sexual battery with an object thus requires the same intent, that is, to penetrate the vagina but-for an intervening act. § 777.04. The difference between the two acts is imperative, as the former constitutes attempted sexual battery, while the latter is insufficient as a matter of law. See Lakey, 113 So.3d at 91.
Unlike most cases where a female victim of sexual battery is seeking to exclude evidence of prior consensual sexual activities with other partners for personal reasons, the State in this case sought to offer the victim’s prior experiences as evidence that the defendant intended to digitally penetrate her. During direct examination, the prosecutor elicited the following testimony from the victim:
Q. Has a man ever tried to digitally penetrate—
A. Yes.
Q. —your vagina?
A. Like boyfriend?
Q. Yes
*1141 [Defense counsel]: Objection. Relevance.
THE COURT: Overruled.
Q. Like a boyfriend.
A. Yes.
Q. Did Mr. Portillo seem to be behaving in a way that when he touched your vagina it made you think he was just going to statically touch it on the top?
A. Yes.
Q. Or did you—
A. Oh, no. Sorry.
Q. Okay. Do you understand what I am asking you?
A. Yeah.
Q. Okay. So you’ve had similar experiences in the past that—or let me ask you this. Did you have similar experiences in the past to compare with what Mr, Portillo was doing?
A. Yeah. I knew what he was trying to do.
Q. Okay. And what was it that you felt he was trying to do?
A. Stick his fingers in my vagina.
Incanting the reason de etre behind Florida’s Rape Shield Law, that “[a] victim’s prior consensual sexual activity with one other than the accused is simply irrelevant for determining the guilt of the accused,” citing Marr v. State, 494 So.2d 1139, 1142 (Fla. 1986), Portillo argues here that the Rape Shield Law similarly excludes the victim’s prior experiences with her boyfriend. I agree.
On appeal, the State initially argues that Portillo failed to preserve the Rape Shield Law issue by merely raising relevance as his objection to the testimony in the trial court. The majority accepts this argument; however, I reject it because relevancy is at the heart of rape shield laws. See Lewis v. State, 591 So.2d 922, 924 (Fla. 1991) (acknowledging that in Marr the Court “explained that Florida’s Rape Shield Statute is a codification of the rule of relevancy that a victim’s prior sexual activity with one other than the accused is generally irrelevant for determining the guilt of the accused”); Kaplan v. State, 451 So.2d 1386, 1387 (Fla. 4th DCA 1984) (“[Florida’s Rape Shield Law] is merely a codification of this jurisdiction’s rule of relevance as it applies to the sexual behavior of a sexually battered victim.”) Thus, the relevancy objection sufficiently apprised the trial court of the defendant’s grounds for opposing the testimony.
On the merits, the State contends the Rape Shield Law implicitly limits its use to instances where the victim, and not the accused, raises the shield. Florida’s Rape Shield Law, however, unlike the majority of similar laws in other jurisdictions,[3] is silent, and therefore neutral, on the issue of who may employ its prohibition in a criminal trial. In enacting this law, we presume the legislature understood the meaning of the words it used, and that it intentionally opted for the neutral language instead of specifying a beneficiary of *1142 the evidentiary objection under this section. See Ward v. State, 936 So.2d 1143, 1146 (Fla. 3d DCA 2006). On at least this point, the neutral language may safeguard Florida’s Rape Shield Law from some of the controversy presently faced in other jurisdictions, where, not surprisingly, courts have struggled with the inherent evidentiary limitations imposed by restrictive rape shield laws. See generally Josh Maggard, Courting Disaster: Re-Evaluating Rape Shields in Light of People v. Bryant, 66 Ohio St. L.J. 1341 (2005); Shawn J. Wallach, Rape Shield Laws: Protecting the Victim at the Expense of the Defendant’s Constitutional Rights, 13 N.Y.L. Sch. J. Hum. Rts. 485 (1997).
In this case, the record on appeal shows that the State could have prosecuted the case against Mr. Portillo without introducing irrelevant evidence regarding the victim’s experience with other partners. Therefore, there was no need to muddy the case submitted to the jury with this evidence. Accordingly, because the trial court unnecessarily admitted this evidence which is clearly excludable under the Rape Shield Law, I would reverse and remand for a new trial.

. Ala. Code § 12-21-203; Alaska Stat. § 12.45.045; Ark. Code Ann. § 16-42-101; Cal. Evid. Code § 782; Conn. Gen. Stat. § 54-86f; 11 Del. Code Ann. § 3509; D.C. Code § 22-3022; Ga. Code Ann. § 24-4-412; Haw. Rev. Stat. § 626-1, R. 412; Idaho R. Evid. 412; 725 Ill. Comp. Stat. 5/115-7; Iowa R. Evid. 5.412; Kan. Stat. Ann. § 21-5502; La. Code Evid. Ann. art. 412; Me. R. Evid. 412; Mich. Comp. Laws § 750.520j; Minn. Stat. § 609.347; Miss. Code Ann. § 97-3-68; Mo. Rev. Stat. § 491.015; Mont. Code Ann. § 45-5-511; Neb. Rev. Stat. § 27-412; Nev. Rev. Stat. §§ 50.090; N.H. Evid. R. 412; N.J. Stat. Ann. § 2C: 14-7; N.Y. Crim. Proc. Law § 60.42; Okla. Stat. tit. 12, § 2412; Or. Rev. Stat. § 40.210; 18 Pa. Cons. Stat. Arm. § 3104; R.I. Gen. Laws § 11-37-13; S.C. Code Ann. § 16-3-659.1; Tenn. Evid. R. 412; Tex. R. Evid. 412; Vt. Stat. Ann. tit. 12 § 3255; Va. Code Ann. § 18.2-67.7; Wash. Rev. Code § 9A.44.020; Wyo. Stat. Ann. § 6-2-312.