# Supreme Court of Florida

———————

No. SC17-1438

———————

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-01**

[October 12, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions, and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following standard criminal jury instructions: 3.6(o) (Transferred Intent); 11.17(a) (Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices); 11.17(b) (Soliciting a Parent, Legal Guardian, or Custodian of a Child for Unlawful Sexual Conduct Using Computer Services or Devices); 11.17(c) (Traveling to Meet a Minor); and 11.17(d) (Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian). The Committee

published its proposals for comment. No comments were received by the Committee. The Court did not publish the proposals after they were filed.

Having considered the Committee's report, we amend the standard jury instructions as proposed by the Committee, with a purely technical correction to instruction 3.6(o), and authorize them for publication and use.[1]

We note the following significant changes to the jury instructions as amended. First, with regard to Instruction 3.6(o), the phrase "but instead" is replaced with "and in the process," the word "the" is replaced with "any," and the word "actually" is removed from the instruction. The Committee explains that these changes are made so that the instruction will be suitable for use in all cases in which it applies. The Committee has also updated the Comment section of the instruction with relevant case law pertaining to the doctrine of transferred intent.

Next, with regard to Instructions 11.17(a), (b), (c), and (d), the crime of Unlawful Use of a Two-Way Communications Device is added as a category two lesser included offense. With regard to Instruction 11.17(b), the phrase "Legal Guardian, or Custodian" is added to the first sentence of the instruction to mirror its title and the language of section 847.0135(3)(b), Florida Statutes (2017).

_____

1. Technical changes to the amended jury instructions are not discussed.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

_____

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## 3.6(o) TRANSFERRED INTENT

**If a person intends to [hit] [strike] [shoot] a person, ~~but instead~~and in the process [hits] [strikes] [shoots] a different person, the law transfers the intent to [hit] [strike] [shoot] from the person who was aimed at to ~~the~~any person who was ~~actually~~ [hit] [struck] [shot].**

### Comments

*See State v. Brady*, 745 So. 2d 954 (Fla. 1999) and *Nelson v. State*, 853 So. 2d 563 (Fla. 4th DCA 2003). Also, in *Mordica v. State*, 618 So. 2d 301, 303 (Fla. 1st DCA 1993), the First District rejected the contention that the doctrine of transferred intent is applicable only where the defendant entirely misses the intended victim and hits the unintended victim.

The doctrine of transferred intent may not apply to the crime of Attempted First Degree Murder. *See Bell v. State*, 768 So. 2d 22 (Fla. 1st DCA 2000)(stating that if the issue is whether the defendant attempted to murder multiple victims, then such specific intent is not subject to transfer but rather such intent should be independently evaluated as to each victim); *but see Frederick v. State*, 93 So. 3d 445 (Fla. 4th DCA 2012)(holding that the giving of a transferred intent instruction was not fundamental error because defendant was not charged with attempting to murder multiple victims).

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2017.

## 11.17(a) SOLICITING A [CHILD] [PERSON BELIEVED BY THE DEFENDANT TO BE A CHILD] FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
§ 847.0135(3)(a), Fla. Stat.

**To prove the crime of Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following three elements beyond a reasonable doubt:**

1.    (Defendant) **knowingly used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to contact** (victim)**.**

2.    (Victim) **was a child or a person believed by the defendant to be a child.**

3.    **During that contact,** (defendant) **[seduced] [solicited] [lured] [enticed] [attempted to [seduce] [solicit] [lure] [entice]]** (victim) **to [commit** (any illegal act as charged in the indictment or information under chapter 794, 800, or 827)**] [or] [engage in** (other unlawful sexual conduct with a child or with a person believed by the defendant to be a child)**].**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Enhanced penalty. Give if applicable.*
**If you find** (defendant) **guilty of Soliciting a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State proved beyond a reasonable doubt that during the contact,** (defendant) **misrepresented [his] [her] age to** [(victim)] **[the person believed by the defendant to be a child].**

*Definitions.*
**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that**

**sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.**

**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or**

7

**other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

### Lesser Included Offenses

~~No lesser included offenses have been identified for this offense.~~

| SOLICITING A [CHILD] [PERSON BELIEVED BY THE DEFENDANT TO BE A CHILD] FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES — 847.0135(3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Unlawful use of two-way communications device | 934.215 | 29.26 |

### Comment

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263]~~, and~~ 2015 [163 So. 3d 478], and 2017.

### 11.17(b) SOLICITING A PARENT, LEGAL GUARDIAN, OR CUSTODIAN OF A CHILD FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
§ 847.0135(3)(b), Fla. Stat.

**To prove the crime of Soliciting a Parent, Legal Guardian, or Custodian of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to contact a [parent of a child] [legal guardian of a child] [custodian of a child] [person the defendant believed to be a [parent] [legal guardian] [custodian of] a child].**

2.  **During that contact,** (defendant) **[solicited] [lured] [enticed] [attempted to [solicit] [lure] [entice]] a [parent of a child] [legal guardian of a child] [custodian of a child] [person believed by the defendant to be a [parent] [legal guardian] [custodian of] a child] to consent to the participation of the child in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct).**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Enhanced penalty. Give if applicable.*
**If you find (defendant) guilty of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State proved beyond a reasonable doubt that during the contact, (defendant) misrepresented [his] [her] age to the [parent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian] [custodian]].**

*Definitions.*
**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's**

9

clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."

"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.

"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
"An object" includes a finger.

"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.

"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
If you find that (defendant) committed the crime of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine whether the State has proved beyond a reasonable doubt that (defendant) was an authority figure at a school and (victim) was a student at the same school.

"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.

**"School"** means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults. *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student"** means a person younger than 18 years of age who is enrolled at a school.

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

| SOLICITING A PARENT, LEGAL GUARDIAN, OR CUSTODIAN OF A CHILD FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES — 847.0135(3)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Unlawful use of two-way communications device | 934.215 | 29.26 |

### Comment

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263], ~~and~~ 2015 [163 So. 3d 478], and 2017.

### 11.17(c) TRAVELING TO MEET A MINOR
§ 847.0135(4)(a), Fla. Stat.

To prove the crime of Traveling to Meet a Minor, the State must prove the following two elements beyond a reasonable doubt:

1. (Defendant) **used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to [seduce] [solicit] [lure] [entice] [attempt to [seduce] [solicit] [lure] [entice]] a [child] [person believed by the defendant to be a child] to engage in** [(insert illegal act in chapter 794, 800, or 827 as alleged in the charging instrument)**] [unlawful sexual conduct].**

2. (Defendant) **then [traveled] [attempted to travel] [caused another to travel] [attempted to cause another to travel] [within this state] [to this state] [from this state] for the purpose of** [(insert violation of chapter 794, 800, or 827 as alleged in the charging instrument)**] [unlawful sexual conduct] with a [child] [person believed by the defendant to be a child].**

**The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.**

*Definitions.*

**A "child" means any person, whose identity is known or unknown, less than 18 years of age.**

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*

**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.**

12

**"Sexual battery"** means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Deviate sexual intercourse"** means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.

**"Sexual bestiality"** means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Traveling to Meet a Minor, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure"** means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.

**"School"** means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults. *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat. for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student"** means a person younger than 18 years of age who is enrolled at a school.

**Lesser Included Offenses**

| TRAVELING TO MEET A MINOR — 847.0135(4)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Soliciting a [Child] [Person Believed by the Defendant to be a Child] for Unlawful Sexual Conduct Using Computer Services or Devices | | 847.0135(3)(a) | 11.17(a) |
| | Unlawful use of two-way communications device | 934.215 | 29.26 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263], ~~and~~ 2016 [195 So. 3d 356], and 2017.

**11.17(d) TRAVELING TO MEET A MINOR FACILITATED BY PARENT, LEGAL GUARDIAN, OR CUSTODIAN**
§ 847.0135(4)(b), Fla. Stat.

**To prove the crime of Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **used a[n] [computer on-line service] [Internet service] [local bulletin board service] [device capable of electronic data storage or transmission] to [solicit] [lure] [entice] [attempt to [solicit] [lure] [entice]] a [parent] [legal guardian] [custodian] [person believed by the defendant to be a [parent] [legal guardian] [custodian]] of a child to consent for the [child] [person believed by the defendant to be a child] to participate in** [(insert violation of chapter 794, 800, or 827 as alleged in the charging instrument)] **[sexual conduct].**

**2.** (Defendant) **then [traveled] [attempted to travel] [caused another to travel] [attempted to cause another to travel] [within this state] [to this state] [from this state] for the purpose of engaging in any illegal act described in [**(insert violation of chapter 794, 800, or 827 as alleged in the charging instrument)**] [other unlawful sexual conduct] with a child or a person believed by the defendant to be a child.**

The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.

*Definitions.*
A "child" means any person, whose identity is known or unknown, less than 18 years of age.

*Give the following definitions if applicable. Additional definitions can be added as applicable depending on the nature of the alleged illegal conduct. See § 847.001, Fla. Stat.*
**"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother's breastfeeding of her baby does not under any circumstance constitute "sexual conduct."**

**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.**

**"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.**

15

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**"An object" includes a finger.**

**"Deviate sexual intercourse" means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.**

**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*Give if applicable. § 775.0862, Fla. Stat.*
*Enhancement for sexual offense against student by school authority figure.*
**If you find that** (defendant) **committed the crime of Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian, you must also determine whether the State has proved beyond a reasonable doubt that** (defendant) **was an authority figure at a school and** (victim) **was a student at the same school.**

**"Authority figure" means a person 18 years of age or older who is employed by, volunteering at, or under contract with a school.**

**"School" means an organization of students for instructional purposes on an elementary, middle or junior high school, secondary or high school, [or other public school level authorized under the rules of the State Board of Education]. The term "school" does not include facilities dedicated exclusively to the education of adults.** *If needed, insert appropriate definitions from § 775.0862(1)(b), Fla. Stat., for "private school" or "voluntary prekindergarten education program" or "early learning program" or "public school as described in s. 402.3025(1)" or "the Florida School for the Deaf and the Blind" or the "Florida Virtual School" or the "K-8 Virtual School."*

**"Student" means a person younger than 18 years of age who is enrolled at a school.**

16

**Lesser Included Offense**

| TRAVELING TO MEET A MINOR FACILITATED BY PARENT, LEGAL GUARDIAN, OR CUSTODIAN — 847.0135(4)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices | | 847.0135(3)(b) | 11.17(b) |
| | Unlawful use of two-way communications device | 934.215 | 29.26 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2013 [122 So. 3d 263], and 2016 [195 So. 3d 356], and 2017.