# Supreme Court of Florida

_____

No. SC18-1478
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-07.**

December 13, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions, including amendments to two instructions, the deletion of one

instruction, and the creation of two new instructions. The Committee asks the

Court to authorize the new and amended standard jury instructions for publication

and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions

3.6(o) (Transferred Intent) and 3.9(c) (Eyewitness Identification). In addition, the

Committee proposes deleting standard criminal jury instruction 8.8 (Aggravated

Stalking (Victim under 16 years of age)) and creating new instructions 8.27

(Violation of an Injunction for Protection Against Exploitation of a Vulnerable

Adult) and 8.28 (Violation of a Risk Protection Order).  Following publication in *The Florida Bar News*, no comments were received by the Committee.  The more significant amendments to the instructions are discussed below.

First, revisions are made to instruction 3.9(c) to provide clarification and improve readability.  Instruction 3.9(c) is amended to add "[live] [photo]" before the word "lineup" in appropriate places and "photo" before the word "lineup" where the instruction solely refers to a photo lineup.

Next, the Committee proposes deleting instruction 8.8 because there are two standard instructions that pertain to section 784.048(5), Florida Statutes (2018), aggravated stalking of a victim under 16 years of age—criminal jury instructions 8.7(c) and 8.8.  The Committee proposes keeping instruction 8.7(c) and deleting instruction 8.8 since 8.7(c) is the more up-to-date instruction.

Additionally, we authorize new instruction 8.27, which the Committee created in response to the enactment of section 825.1036(4), Florida Statutes (2018), effective July 1, 2018.  *See* ch. 2018-100, § 3, Laws of Fla.  In section 825.1036(4), the Legislature created a first-degree misdemeanor crime for a person who willfully violates an injunction for protection against a vulnerable adult in an enumerated way.  New instruction 8.27 instructs jurors as to the elements of that crime.

Last, we authorize new instruction 8.28, which the Committee created in response to the enactment of section 790.401, Florida Statutes (2018). *See* ch. 2018-3, § 15, Laws of Fla. In section 790.401(11)(b), the Legislature created a new crime for a person who has in his or her custody or control a firearm or any ammunition or who purchases, possesses, or receives a firearm or any ammunition with knowledge that he or she is prohibited from doing so by a risk protection order. New instruction 8.28 instructs jurors as to the elements of that crime.

Having considered the Committee's report, we authorize for publication and use new and amended instructions 3.6(o), 3.9(c), 8.27, and 8.28, as proposed, and as set forth in the appendix to this opinion.[1] We delete instruction 8.8 as proposed by the Committee and reserve that instruction number for future use. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

contesting the legal correctness of the instructions.  We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 3.6(o) TRANSFERRED INTENT

**If a person intends to [hit] [strike] [shoot] a person, and in the process [hits] [strikes] [shoots] a different person, the law transfers the intent to [hit] [strike] [shoot] ~~from the person who was aimed at~~ <u>the intended person</u> to any person who was <u>**actually**</u> [hit] [struck] [shot].**

## Comments

*See State v. Brady*, 745 So. 2d 954 (Fla. 1999) and *Nelson v. State*, 853 So. 2d 563 (Fla. 4th DCA 2003). Also, in *Mordica v. State*, 618 So. 2d 301, 303 (Fla. 1st DCA 1993), the First District rejected the contention that the doctrine of transferred intent is applicable only where the defendant entirely misses the intended victim and hits the unintended victim.

The doctrine of transferred intent may not apply to the crime of Attempted First-Degree Murder. *See Bell v. State*, 768 So. 2d 22 (Fla. 1st DCA 2000)(stating that if the issue is whether the defendant attempted to murder multiple victims, then such specific intent is not subject to transfer but rather such intent should be independently evaluated as to each victim); *but see Frederick v. State*, 93 So. 3d 445 (Fla. 4th DCA 2012)(holding that the giving of a transferred intent instruction was not fundamental error because defendant was not charged with attempting to murder multiple victims).

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2017 <u>[228 So. 3d 87] and 2018</u>.

## 3.9(c) EYEWITNESS IDENTIFICATION

*Give if eyewitness identification is a disputed issue and if requested.*
**You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.**

**In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:**

    **1.  The capacity and opportunity of the eyewitness to observe the**

offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance.

2. Whether the identification was the product of the eyewitness's own recollection or was the result of influence or suggestiveness.

3. The circumstances under which the defendant was presented to the eyewitness for identification.

4. Any inconsistent identifications made by the eyewitness.

5. Any instance in which the eyewitness did not make an identification when given the opportunity to do so.

6. The witness's familiarity with the subject identified.

7. Lapses of time between the event and the identification[s].

8. Whether the eyewitness and the offender are of different races or ethnic groups, and whether this may have affected the accuracy of the identification.

9. The totality of circumstances surrounding the eyewitness's identification.

*Lineup Requirements. Give if applicable. § 92.70, Fla. Stat.*
You have heard testimony concerning a [live] [photo] lineup conducted by a law enforcement agency. Florida law requires that the person conducting the [live] [photo] lineup must not have participated in the investigation of the crime alleged and must not have been aware of which person in the [live] [photo] lineup was the suspect.

*When an independent administrator was not used. Give as applicable.*
As an alternative, it is permissible under Florida law if

[an automated computer program automatically administered the photo lineup directly to an eyewitness and prevented the person conducting the photo lineup from seeing which photograph the eyewitness viewed until after the procedure was completed.]

[photographs were placed in folders, randomly numbered, and shuffled and then presented to an eyewitness such that the person conducting the

**photo** lineup did not see or did not track which photograph was presented to the eyewitness until after the procedure was completed.]

[the **photo** lineup procedure achieved neutral administration and prevented the person conducting the **photo** lineup from knowing which photograph was presented to the eyewitness during the identification procedure.]

*Give in all cases involving a lineup.*
Also, before conducting a **[live] [photo]** lineup, the eyewitness must be instructed that:

1. The perpetrator might or might not be in the **[live] [photo]** lineup;

*Give #2 only when an independent administrator was used.*
2. The person conducting the **[live] [photo]** lineup does not know the suspect's identity;

3. The eyewitness should not feel compelled to make an identification;

4. It is as important to exclude innocent persons as it is to identify the perpetrator; and

5. The investigation will continue with or without an identification.

The eyewitness must acknowledge, in writing, that he or she received a copy of the **[live] [photo]** lineup instructions. If the eyewitness refused to sign a document acknowledging receipt of the instructions, the person conducting the **[live] [photo]** lineup must document the refusal of the eyewitness to sign a document acknowledging receipt of the instructions, and the person conducting the **[live] [photo]** lineup must sign the acknowledgment document himself or herself.

You may consider compliance or noncompliance with these requirements to determine the reliability of an eyewitness identification made during a **[live] [photo]** lineup procedure.

## Comment

This instruction was adopted in 2013 [141 So. 3d 132] and amended in 2013 [122 So. 3d 302], ~~and~~ 2018 [238 So. 3d 192], and 2018.

**8.8 AGGRAVATED STALKING**
**(Victim under 16 years of age)**
§ 784.048(5), Fla. Stat.

**To prove the crime of aggravated stalking, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully, maliciously, and repeatedly [followed]**

2. **[harassed] [or] [cyberstalked]** (victim)**; and,**

3. **At the time of** (defendant's) **actions,** (victim) **was under 16 years of age.**

*Definitions.*
**"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.**

**"Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.**

**Lesser Included Offenses**

| AGGRAVATED STALKING (Victim under 16 years of age) — 784.048(5) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Stalking | | 784.048(2) | 8.6 |
| | Attempt | 777.04(1) | 5.1 |
| | Violation of injunction for protection against domestic violence | 741.31(4) | 8.18 |

**Comment**

This instruction is based on the text of section 784.048(5), Florida Statutes (1997), and generally patterned after the standard instructions on stalking and aggravated stalking.

This instruction was adopted in 2000 [765 So.2d 692] and amended in 2007 [953 So. 2d 495] to incorporate cyberstalking.

## 8.27 VIOLATION OF AN INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT
§ 825.1036(4), Fla.
Stat.

**To prove the crime of Violation of an Injunction for Protection Against Exploitation of a Vulnerable Adult, the State must prove the following two elements beyond a reasonable doubt:**

**1.** **A [temporary] [final] injunction for protection against exploitation of a vulnerable adult was issued by a court against** (defendant) **for the benefit of** (victim)**.**

**2.** (Defendant) **willfully violated the injunction by** (alleged violation of §§ 825.1036(4)(a)1.–7., Fla. Stat.)**.**

*Definition.*
**"Willfully" means knowingly, intentionally, and purposely.**

*If the allegation involves the defendant exploiting a vulnerable adult, define "exploitation" and "vulnerable adult" from §§ 825.101(6),(14), Fla. Stat.*

## Lesser Included Offense

| VIOLATION OF AN INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT– 825.1036 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

The crime of Violation of an Injunction for Protection Against Exploitation of a Vulnerable Adult is bumped up from a first-degree misdemeanor to a third-degree felony if the defendant had two or more prior convictions for violating either an injunction or a foreign protection order involving the same victim. It is unclear whether the courts will require the historical fact of the prior convictions against the same victim to be proven to the jury or whether only the sentencing judge may find that the prior convictions against the same victim exist. If the issue is to be submitted to a jury, it is error to inform the jury of the allegation of prior convictions until the verdict on the underlying Violation of an Injunction is rendered. Therefore, if the charging document contains an allegation of prior Violation of Injunction convictions, do not read that allegation and do not send the information or indictment into the jury room prior to a verdict. If the defendant is found guilty of Violation of an Injunction for Protection Against Exploitation of a Vulnerable Adult, the historical fact of prior convictions against the same victim shall be determined separately in a bifurcated proceeding. *State v. Harbaugh,* 754 So. 2d 691 (Fla. 2000). The term "conviction" means a determination of guilt which is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered. § 825.1036(4)(b), Fla. Stat.

This instruction was adopted in 2018.

## 8.28 VIOLATION OF A RISK PROTECTION ORDER
§ 790.401(11)(b), Fla. Stat.

**To prove the crime of Violation of a Risk Protection Order, the State must prove the following three elements beyond a reasonable doubt:**

1. **A [temporary] [final] risk protection order was issued by a court against** (defendant)**.**

2. (Defendant) **knew that [he] [she] was prohibited from [possessing] [or] [having in [his] [her] custody or control] [or] [receiving] [or] [purchasing] [a firearm] [or] [ammunition] because of that court order.**

3. (Defendant) **violated the court order by knowingly [possessing] [or] [having in [his] [her] custody or control] [or] [receiving] [or] [purchasing] [a firearm] [or] [ammunition].**

*Give as applicable.*
*§ 790.001(6), Fla. Stat.*
**A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of another crime. An antique firearm is** *(insert definition in § 790.001(1), Fla. Stat.)*] [**A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.)*].

*§ 790.001(19), Fla. Stat.*
**"Ammunition" means an object consisting of all of the following:**
**a. A fixed metallic or nonmetallic hull or casing containing a primer.**
**b. One or more projectiles, one or more bullets, or shot.**
**c. Gunpowder.**

*Possession.*
**To prove** (defendant) **"possessed" [a firearm] [or] [ammunition], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [firearm] [or] [ammunition] and b) intentionally exercised control over it.**

*Give if applicable.*
**Control can be exercised over [a firearm] [or] [ammunition] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to [a firearm] [or] [ammunition] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the [firearm] [or] [ammunition] or the present ability to direct its control by another.**

*Joint possession.*
**Possession of [a firearm] [or] [ammunition] may be sole or joint, that is, two or more persons may possess it.**

**Lesser Included Offense**

| VIOLATION OF A RISK PROTECTION ORDER —790.401(11)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2018.